IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA §
 §
v. § No. 4:21-CR-221
 § Judge Mazzant
 §



JAIME VALENCIA (21)

**First Superseding Indictment/Notice of Penalty – Page 1**


§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**FIRST SUPERSEDING INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine)

That from sometime in or about January 2020, and continuously thereafter up to and including September 8, 2021, in the Eastern District of Texas and elsewhere,



Jaime Valencia

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine (actual), a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Two

> Violation: 18 U.S.C. § 1956(h)
> (Conspiracy to Commit Money
> Laundering in violation of 18 U.S.C.
> §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i),
> 1956(a)(2)(A) and 1956(a)(2)(B)(i))

That from sometime in or about January 2020, and continuously thereafter up to and including September 8, 2021,




Jaime Valencia

defendants, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit:

1. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: methamphetamine, cocaine and heroin, as described in Counts One, Three and Four of this First Superseding Indictment, with the intent to promote the carrying on of said specified unlawful activity, and that while conducting and attempting

to conduct such financial transactions, knew that the property involved represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

2. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, to-wit: methamphetamine, cocaine and heroin, as described in Counts One, Three and Four of this First Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

3. to knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: methamphetamine, cocaine and heroin, as described in Counts One, Three and Four of this First Superseding Indictment, in violation of 18 U.S.C. § 1956(a)(2)(A); and

4. to knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through

**First Superseding Indictment/Notice of Penalty – Page 6**

a place outside the United States, or to a place in the United States from or through a place outside the United States, involving the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substances, to-wit: methamphetamine, cocaine and heroin, as described in Counts One, Three and Four of this First Superseding Indictment, knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

### MANNER AND MEANS

1. It was part of the conspiracy for members to purchase automobiles, houses, jewelry and other valuable assets with the proceeds derived from the distribution and sale of methamphetamine, cocaine and heroin and place the assets in the names of third parties in order to conceal or disguise the nature, location, source, ownership, and control of the proceeds derived from the specified unlawful activity;

2. It was a part of the conspiracy for members to transport from the United States to the Republic of Mexico, United States currency that was derived from the smuggling of methamphetamine, cocaine and heroin into the United States and the distribution and sale of methamphetamine, cocaine and heroin within in the United States, in order to promote the carrying on of the specified unlawful activity;

3. It was further a part of the conspiracy for members to receive United States currency derived from the distribution and sale of methamphetamine, cocaine and heroin, and transport, transmit, or transfer the illegal proceeds from the United States to the Republic of Mexico, for the purpose of paying for the methamphetamine, cocaine and heroin that this organization had received.

4. As representative of the manner and means of the conspiracy, and to effect and accomplish the objects of the conspiracy, one or more of the defendants or conspirators, both indicted and unindicted, and other persons known and unknown to the Grand Jury, performed or caused the performance of the acts in the Eastern District of Texas and elsewhere.

All in violation of 18 U.S.C. § 1956(h).

## Count Three

> Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Cocaine)

That from sometime in or about January 2020, and continuously thereafter up to and including September 8, 2021, in the Eastern District of Texas and elsewhere,



Jaime Valencia



defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### Count Four

> Violation: 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Heroin)

That from sometime in or about January 2020, and continuously thereafter up to and including September 8, 2021, in the Eastern District of Texas and elsewhere,



defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this First Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to the following:

a. $30,000 in U.S. currency seized from ▮

b. Smith and Wesson 629, .44 caliber revolver, Serial Number AJC6729 with magazine and ammunition, seized from ▮

c. Colt .45 caliber pistol, Serial Number 70G42011 with magazine and ammunition, seized from ▮

d. Smith and Wesson 642, .38 caliber revolver, Serial Number CTZ9130, seized from ▮

e. Glock .380 caliber magazine and ammunition, seized from ▮

f. $6,362.00 in U.S. currency seized from ▮ ▮

g. $2,826.00 in U.S. currency seized from ▮

A TRUE BILL

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

_____  _____
ERNEST GONZALEZ              Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA §
§
v. § No. 4:21-CR-221
§ Judge Mazzant
§
[redacted] 
JAIME VALENCIA (21) §

**First Superseding Indictment/Notice of Penalty – Page 12**



**Count One**

Violation: 21 U.S.C. § 846

Penalty: If 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual) – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years

Special Assessment: $100.00

**First Superseding Indictment/Notice of Penalty – Page 13**

## Count Two

Violation: 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A) and 1956(a)(2)(B)(i)

Penalty: Not more than 20 years imprisonment; a fine not to exceed $500,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years.

Special Assessment: $100.00

## Count Three

Violation: 21 U.S.C. § 846

Penalty: If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years

Special Assessment: $100.00

## Count Four

Violation: 21 U.S.C. § 846

Penalty: If 1 kilogram or more of a mixture or substance containing a detectable amount of heroin – not less than 10 years and not more than life imprisonment, a fine not to exceed $10 million, or both; supervised release of at least five years

Special Assessment: $100.00